**STATE, for the use of BAIL and WIFE, v. McCULLOUGH.**

Court of Common Pleas. New Castle. December, 1798.

*Bayard's Notebook, 241.*[*]

SED, PER CURIAM. If you get a copy, you must pay for it, and if the original is delivered to you, you must make a copy for

[*] This case is also reported in *Rodney's Notes*, Dec. 20, 1798. For an account of later proceedings in equity, see counsel's argument in *Robinson v. Perkins* at *Clayton's Notebook, 172.*

yourselves. If a copy is a good grant of *oyer*, the original is better.

Defendant persisting in his refusal to plead, when the time originally limited had expired from the time of the *oyer* granted (which was noted), the plaintiff signed judgment for want of a plea and then moved for an order to charge the jury at the bar to inquire of the damages etc. according to the Act of Assembly [1 Del.Laws 315], which was granted.

*Vandyke* and *Bayard* for plaintiffs. *Read* and *Rodney* for defendant.

---

*Bayard's Notebook, 242.*

In the last vacation READ, Chief Justice of the Supreme Court, died and JOHNS, one of the Associate Judges of the Common Pleas, was appointed Chief Justice of the Supreme Court.

BASSETT, Chief Justice of the Common Pleas was elected Governor, and JAMES BOOTH, Esq., was appointed Chief Justice of the Common Pleas.

ANDREW BARRETT, Esq., was appointed one of the Associate Judges of the Common Pleas, *vice* JOHNS, promoted.